IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

STACY S. ABRAM, IV                                                    PETITIONER

v.                          No. 3:13-cv-212-DPM-BD

MIKE ALLEN, Sheriff, Crittenden County,
Arkansas; STATE OF ARKANSAS;
and RAY HOBBS, Director, Arkansas
Department of Correction                                           RESPONDENTS

ORDER

1. The Court has considered Magistrate Judge Beth Deere's recommended disposition of Abram's habeas petition, № 8, and Abram's objections, № 9. On *de novo* review, FED. R. CIV. P. 72(b)(3), the Court adopts Judge Deere's recommendation as supplemented and modified. Abram raises three issues: he says his guilty plea was involuntary, his right to a speedy trial was violated, and the circuit court didn't have jurisdiction to accept his guilty plea. № 2. The objections to the voluntariness and speedy-trial issues are overruled as frivolous, and the Court adopts Judge Deere's recommendation on these two points.

2. The jurisdiction issue needs more analysis. Abram says that the Crittenden County Circuit Court didn't have jurisdiction to accept his guilty plea or enter judgment because a notice of removal, which he had filed the day before, was pending in federal court when he pleaded guilty and was sentenced. Abram's notice of removal was defective on its face. It was untimely by several months, and this Court remanded the day after the petition was filed. № 7-3 at 6-7. The Crittenden County Circuit Court received the mandate, though, two days after Abram pleaded guilty and was sentenced to three years' probation. № 7-1 & 7-2 at 2-3.

Removal in a criminal case can lead to jurisdictional tangles, which is why the leading commentators describe the situation as a "heady sport." 19A WRIGHT AND MILLER, FEDERAL PRACTICE & PROCEDURE § 1445 (4th ed. 2009). The criminal removal statute was amended in 2011. The former version applies here because Abram's state criminal case began in 2011, before the amended statute went into effect. A defendant wishing to remove a criminal prosecution from state court had to file a notice of removal in district court within thirty days of arraignment in state court. 28 U.S.C. § 1446(a) & (c)(1). The notice did not divest the state court of jurisdiction. The state court could

proceed "except that a judgment of conviction shall not be entered unless the prosecution is first remanded." 28 U.S.C. § 1446(c)(3); *see also* 14C WRIGHT AND MILLER, FEDERAL PRACTICE & PROCEDURE § 3731, at 486 (4th ed. 2009).

State courts have held that a guilty plea may be accepted while a notice of removal is pending in federal court. *People v. Wiedemer*, 899 P.2d 283, 284-85 (Colo. App. 1994) (collecting cases); *People v. Purofoy*, 323 N.W.2d 446, 453 (Mich. Ct. App. 1982). The Arkansas Supreme Court seemed to be on this path in this case. № 7-4 *at 13*. This Court agrees with, and adopts, that reading of the federal statute. Abram's guilty plea, therefore, was valid. It stands in any event. But was the Crittenden County Circuit Court without jurisdiction to enter the judgment of conviction? Yes. The statute is plain and clear. The state court erred in entering judgment while Abram's petition for removal was pending in federal court. 28 U.S.C. § 1446(c)(3).

The State argues that the error is immaterial because Abram filed his habeas petition too late. Limitation issues should be resolved before the merits and other procedural issues. The habeas statute provides a one-year limitation period that began to run on the date that Abram's "judgment became final by the conclusion of direct review or the expiration of the time

-3-

for seeking such review[.]" 28 U.S.C. § 2244(d)(1)(A). The question becomes, then, whether the Circuit Court's judgment became final for purposes of habeas review notwithstanding the jurisdictional defect in that judgment.

The United States Supreme Court has made clear that, for petitioners like Abram, who do not pursue direct review to that Court, "the judgment becomes final at the expiration of the time for seeking such review — when the time for pursuing direct review in this Court, or in state court, expires." *Gonzalez v. Thaler*, 132 S. Ct. 641, 653-54 (2012). State law governs the period Abram had to appeal and therefore affects the date of the faulty judgment's finality. *Gonzalez*, 132 S. Ct. at 655; 1 HERTZ & LIEBMAN, FEDERAL HABEAS CORPUS PRACTICE & PROCEDURE § 5.2 n.42 (6th ed. 2011). Under the Arkansas Rules of Criminal Procedure, criminal defendants who enter unconditional guilty pleas, like Abram did, have no right to a direct appeal. ARK. R. APP. P. - CRIM. 1(a). Abram entered his unconditional guilty plea on 28 February 2012; his time for seeking direct review in state court therefore expired on that date.

Abram didn't file his habeas petition until 26 September 2013, about seven months too late. And Abram didn't file his state-court motions — his motion to dismiss and his petition for a writ of prohibition — until July 2013 and October 2013. № 7-2 *at 4-5*. Because these motions were filed more than

one year after the defective judgment was entered, they didn't toll the habeas limitation period.

For two reasons, the Court holds that Abram's judgment became final for habeas limitation purposes in February 2012 even though the state court lacked jurisdiction to enter it.[1] First, Congress added the one-year provision to limit abuse of the Great Writ and to address problems of unnecessary delay. *Holland v. Florida*, 560 U.S. 631, 648-49 (2010). If the one-year clock didn't start to run automatically, even on a faulty judgment, then a petitioner with a claim about his state-court judgment could bring a habeas petition at any time. That result would make the limitation period an empty provision, at least in some cases, contrary to Congress' intent. Extraordinary circumstances, of course, can toll the period. *Holland*, 560 U.S. at 649. No such circumstances are presented here.

Second, Abram was the one who filed the notice of removal. He created the jurisdictional defect that became embodied in this judgment. He must have known about the defect on the day he pleaded guilty and was sentenced.

---

[1] The Sixth Circuit has so held. *E.g., Frazier v. Moore*, 252 Fed. Appx. 1 at *6-7 (6th Cir. 2007) (unpublished). While this case is not precedent, it is informative.

If he'd wanted to challenge his conviction on this ground, he should have done so within the one-year window. Instead, Abram accepted the benefit of a probationary sentence and put the jurisdictional defect in his pocket against the day he faced a possible revocation. That was too clever by half: Abram either had to challenge the state court's judgment in federal court within a year of entry or live with it, for better or for worse. The jurisdictional defect, therefore, does not undermine the revocation.

* * *

Abram's no-jurisdiction argument, though correct, is barred by 28 U.S.C. § 2244(d)(1)(A)'s one-year statute of limitation. His petition for a writ of habeas corpus is dismissed with prejudice. His recently filed emergency petition, № 10, is also dismissed. This new paper says many things, but at its core are Abram's continuing arguments that his February 2012 guilty plea was involuntary and his judgment was void for want of jurisdiction. These parts of the emergency petition are dismissed with prejudice. The other parts of the petition, which relate to the particulars of new criminal charges, are dismissed without prejudice to being asserted in a new habeas petition in another case.

So Ordered.

*[signature]*

D.P. Marshall Jr.
United States District Judge

19 June 2014